IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MATTHEW WILLIAM PURVINE, SR.,

    Petitioner,

v.

MARK NOOTH,

    Respondent.

Case No. 2:13-cv-02165-SI

OPINION AND ORDER

C. Renee Manes, Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

Ellen F. Rosenblum, Attorney General
Samuel A. Kubernick, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

1 - OPINION AND ORDER

SIMON, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his state-court convictions for Rape and Sodomy. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) is dismissed.

## BACKGROUND

On December 24, 2003, the Washington County Grand Jury indicted petitioner on four counts of Rape in the First Degree and eight counts of Sodomy in the First Degree. Respondent's Exhibit 103. Following a bench trial, petitioner was convicted of three counts of Rape in the First Degree and eight counts of Sodomy in the First Degree resulting in consecutive sentences totaling 504 months in prison. Respondent's Exhibit 101.

Petitioner took a direct appeal, but the Oregon Court of Appeals affirmed the trial court's decision without opinion, and the Oregon Supreme Court denied review. *State v. Purvine*, 212 Or. App. 712, 160 P.3d 639, *rev. denied*, 343 Or. 160, 164 P.3d 1161 (2007). Petitioner's direct Appellate Judgment issued on September 13, 2007. Respondent's Exhibit 108.

On July 16, 2009, petitioner filed for post-conviction relief ("PCR") in Malheur County where the PCR trial court denied relief on all of his claims. Respondent's Exhibit 127. The Oregon Court of Appeals affirmed the lower court's decision, and the Oregon Supreme Court denied review. *Purvine v. Nooth*, 252 Or. App. 580,

291 P.3d 214 (2012), *rev. denied*, 353 Or. 203, 296 P.3d 1275 (2013). The PCR Appellate Judgment issued on March 11, 2013.

On November 11, 2013, petitioner filed this 28 U.S.C. § 2254 habeas corpus case raising 12 grounds for relief. Respondent asks the court to dismiss the Petition for Writ of Habeas Corpus on the basis that petitioner failed to timely file it. Petitioner concedes that his Petition is untimely, but asks the court to excuse his default on the basis that he is actually innocent.

## DISCUSSION

Prisoners who wish to challenge their state-court convictions in federal court must generally do so no more than one year after those convictions become final when the period for seeking direct review ends. 28 U.S.C. 2244(d)(1)(A). A petitioner who fails to comply with this deadline may overcome his procedural default if he is able to show that he is actually innocent of his underlying criminal conduct. *McQuiggin v. Perkins*, --- U.S. ----, 133 S.Ct. 1924, 1928 (2013). In order to make such a gateway showing of actual innocence, a petitioner must present "new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial" which establishes that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995).

3 - OPINION AND ORDER

In this case, petitioner claims to be actually innocent of his underlying criminal conduct so as to avoid his procedural default, but he fails to identify any new evidence of his innocence that was not presented at trial. Instead, he asks the court to conduct an evidentiary hearing so he can "personally address the Court on the reasons he did not file within the statutory time period." Memo in Support (#22), p. 10. He asserts that if the court grants his request for an evidentiary hearing, he will "testify regarding the facts that demonstrate his actual innocence of the various sexual offenses, including information that calls into question the veracity of the victim." Id.

Petitioner's bare claim of innocence does not satisfy the *Schlup* standard, and he "has failed to show what . . . an evidentiary hearing might reveal of material import on his assertion of actual innocence." *Gandarela v. Johnson*, 286 F.3d 1080, 1087 (9th Cir. 2002). Accordingly, petitioner's request for an evidentiary hearing is denied. As petitioner is unable to overcome his procedural default through a gateway showing of actual innocence, the Petition for Writ of Habeas Corpus is dismissed on the basis that it is untimely.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is dismissed. The court declines to issue a Certificate of Appealability on the basis that petitioner has not

4 - OPINION AND ORDER

made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 18th day of November, 2014.

_____
Michael H. Simon
United States District Judge

5 - OPINION AND ORDER